IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALBERTO VELA CORTEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:15CV787<br>1:09CR34-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Alberto Vela Cortez, a federal prisoner, brings a Motion [Doc. #72] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In this case, Petitioner pled guilty to one count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and was subsequently sentenced to 183 months of imprisonment as a career offender under United States Sentencing Guidelines § 4B1.1. In the current Motion, Petitioner raises three grounds for relief, all of which challenge the application of the career offender sentencing enhancement based on Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015). In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. Johnson, 135 S. Ct at 2563. Petitioner argues that Johnson limits the career offender Guideline in the same way. The Government opposes relief with a Motion to Dismiss and Response [Doc. #92] asserting that the claims are time barred, that the claims

are not cognizable on collateral review, and that, regardless of Johnson, at least two of Petitioner's prior convictions still qualify as valid career offender predicates.

The Court previously stayed this matter pending the decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (2017). The United States Supreme Court subsequently issued a decision in Beckles and held that the advisory United States Sentencing Guidelines, and specifically the career offender Guidelines, are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act. Beckles, 137 S. Ct. at 895. Thus, like the petitioner in Beckles, Petitioner cannot obtain relief from his career offender sentence based on Johnson.

In light of the issuance of the decision in Beckles, the Court will recommend that the prior stay in this case be lifted and that Petitioner's Motion be dismissed.

Petitioner also filed a Motion to Supplement Pleadings [Doc. #97], which argues that in light of Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), his prior convictions are not crimes of violence under USSG § 4B1.1. However, Mathis does not apply retroactively on collateral review.[1] In addition, such a challenge to a career offender sentence enhancement under the advisory Guidelines would not be cognizable on collateral review. Thus, Petitioner's

---

[1] See United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016) (citing Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016), Dimott v. United States, Nos. 2:06-CR-26-GZS; 2:16-CV-347-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016), and Blackwell v. United States, No. 4:10-CR-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016)). The Supreme Court itself noted that the decision did not change prior law. Mathis, ___ U.S. at ___, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). Further, Mathis did not change precedent decided by the United States Court of Appeals for the Fourth Circuit. See id. at 2251 & n.1 (citing Omargharib v. Holder, 775 F.3d 192 (4th Cir. 2014), as falling on the side of a circuit split that prevailed in Mathis).

proposed Supplement would not provide a basis for post-conviction relief and would not affect the outcome of Petitioner's § 2255 Motion.

IT IS THEREFORE RECOMMENDED that the stay be lifted, that Respondent's Motion to Dismiss [Doc. #92] be granted, that Petitioner's Motion [Doc. #72] and Supplement [Doc. #97] to vacate, set aside or correct sentence be denied, and that this action be dismissed.

This, the 22nd day of September, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
